UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DISTRICT OF COLUMBIA**<br><br>**PLAINTIFF**,<br><br>v.<br><br>**ELEVATE CREDIT, INC.**<br><br>**DEFENDANT**. | Case No.: 1:20-cv-01809-EGS<br>Judge: Emmet G. Sullivan |

**PLAINTIFF DISTRICT OF COLUMBIA'S MOTION TO STAY ALL PROCEEDINGS PENDING DECISION ON DISTRICT'S MOTION TO REMAND FOR LACK OF <u>SUBJECT MATTER JURISDICTION</u>**

Plaintiff the District of Columbia (the "District"), by and through its Attorney General, respectfully moves to stay all proceedings in this improperly removed consumer protection enforcement case until after the Court issues its decision on the District's forthcoming Motion to Remand for Lack of Subject Matter Jurisdiction. Alternatively, in the event that the Court denies the District's forthcoming Motion to Remand (or this Motion to Stay), the District requests thirty (30) days from that denial to file its opposition to Defendant's Motion to Dismiss. In support of this motion, Plaintiff submits the attached Memorandum of Points and Authorities. Also attached is a Proposed Order.

Dated: July 29, 2020

                                              Respectfully submitted,

                                              KARL A. RACINE
                                              Attorney General for the District of Columbia

                                              KATHLEEN KONOPKA
                                              Deputy Attorney General
                                              Public Advocacy Division

\_\_\_\_s/_____
BENJAMIN WISEMAN (#1005442)
Director, Office of Consumer Protection


\_\_\_\_\_s/_____
WENDY J. WEINBERG (# 445460)
Senior Assistant Attorney General
Office of Consumer Protection
Office of the Attorney General
441 Fourth Street, N.W., Suite 600 South
Washington, D.C. 20001
(202) 724-1342
Wendy.Weinberg@dc.gov

DAVID BRUNFELD (#1672059)
Assistant Attorney General

## LCvR 7(m) Statement

The District sought consent to this Motion from Defendant Elevate Credit, Inc., and it did not consent to this Motion.

_____s/_____
WENDY J. WEINBERG

## Certificate of Service

I hereby certify that, on July 29, 2020, a true copy of the foregoing Plaintiff's Motion to Stay All Proceedings Pending Decision on Plaintiff District of Columbia's Motion to Remand to the Superior Court of the District of Columbia for Lack of Subject Matter Jurisdiction was served by CM/ECF on all parties as indicated below:

A. Scott Bolden (D.C. Bar No. 428758)
Maria B. Earley (D.C. Bar No. 484294)
REED SMITH LLP
1301 K Street, N.W., Suite 1000 – East Tower
Washington, DC 20005
Phone: (202) 414-9200
Facsimile: (202) 414-9299
abolden@reedsmith.com
mearley@reedsmith.com

*Counsel for Defendant Elevate Credit, Inc.*

_____s/_____
WENDY J. WEINBERG

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DISTRICT OF COLUMBIA**<br><br>**PLAINTIFF**,<br><br>v.<br><br>**ELEVATE CREDIT, INC.**<br><br>**DEFENDANT**. | Case No.: 1:20-cv-01809-EGS<br>Judge: Emmet G. Sullivan |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF DISTRICT OF COLUMBIA'S MOTION TO STAY ALL PROCEEDINGS PENDING DECISION ON DISTRICT'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff the District of Columbia ("District"), by and through its Attorney General, submits the following points and authorities in support of its Motion to Stay all proceedings until after the Court issues its decision on the District's forthcoming Motion to Remand to the Superior Court of the District of Columbia for lack of subject matter jurisdiction:

1. On June 5, 2020, the District filed this consumer protection enforcement action in the Superior Court of the District of Columbia alleging that Defendant Elevate Credit, Inc. ("Elevate") violated the District's Consumer Protection Procedures Act. ("CPPA"), D.C. Code §§ 28-3901 *et seq.*, by offering and selling illegal predatory loans to District consumers and misrepresenting material characteristics about the loans. Although the Complaint relies exclusively on District law, Elevate improperly removed this matter from the Superior Court to the United States District Court for the District of Columbia on July 2, 2020. Elevate's alleged basis for removal is federal question jurisdiction under 28 U.S.C. § 1331. (*See* Notice of Removal, Docket Entry #1.)

4

2. By the statutory deadline of August 3, 2020, the District intends to file a motion to remand because Elevate's arguments for removal have no merit. The District's Complaint does not include any federal claim or question of federal law, nor is it preempted by federal law; rather, the District's consumer protection case turns solely on the application of District law. This Court lacks subject matter jurisdiction of this case, and the District's Complaint should be remanded and heard in Superior Court, as several other courts to consider similar claims have recently held. *See Meade v. Avant of Colorado, LLC*, 307 F. Supp. 3d 1134, 1145 (D. Colo. 2018) and *Meade v. Marlette Funding LLC*, 2018 WL 1417706 (D. Colo. March 21, 2018) (remanding similarly improperly removed state enforcement cases involving illegal predatory loans).

3. Even though removed cases are generally stayed pending a decision on a motion to remand for lack of subject matter jurisdiction, Elevate has informed the District that it intends to move forward and file a motion to dismiss the District's Complaint in this Court. If this Court grants the District's forthcoming Motion to Remand because it lacks subject matter jurisdiction, it cannot even properly reach the merits of any motion to dismiss. *See, e.g.*, *Wexler v. United Air Lines, Inc.*, 496 F. Supp. 2d 150, 156 (D.D.C. 2007); *Brown v. Brown & Williamson Tobacco Corp.*, 26 F. Supp. 2d 74, 78 (D.D.C. 1998); *see also Audio Visual Mart, Inc. v. Telesensory Corp.*, Civ. A. No. 96–2243, 1996 WL 495151, at *1 (E.D. La. Aug. 29, 1996) ("Since the Court's subject matter jurisdiction has been questioned, the Court must consider the motion to remand first."). Because all proceedings in this case become a nullity if the Court properly remands, the Court and the parties will have wasted significant efforts briefing Elevate's motion to dismiss. Despite this clear point of law, Elevate has rejected the District's common-sense suggestion to agree to a stay pending any decision on remand.

4. The District's Motion is consistent with the approach taken by other courts that have recognized that a stay of proceedings is appropriate given the "potential waste of judicial resources that would result from allowing [the case to continue] only to have the case subsequently remand…." *Parkside at Mountain Shadows Owners Assoc., Inc. v. Travelers Casualty and Surety Co. of Am.*, Civil Action No. 15–cv–00120–KMT, 2015 WL 1598066, at *2 (D. Colo. Apr. 7, 2015); *see also In re Bear River Drainage Dist.*, 267 F.2d 849, 851 (10th Cir. 1959) (stating that the better practice is for the court to address the motion to remand and to send resolution of the motion to dismiss to state court because remand would "leave the district court without jurisdiction."); *Pierce v. Atlantic Specialty Ins. Co.*, Civ. No. 16-829 KG/SCY, 2016 WL 10935024, at *1 (D.N.M. Aug. 17, 2016) ("[T]he Court finds that it is appropriate to stay briefing on the non-remand motions and any other matter not related to the issue of this Court's jurisdiction."); *Naval Stores Suppliers, Inc. v. LGS Consulting, LLC*, No. CA 10–332 S, 2010 WL 4608749, at *2 (D.R.I. Oct. 21, 2010) (noting that the court had previously granted Plaintiff's Motion to Stay pending resolution of Plaintiff's Motion to Remand because "Plaintiff's Motion to Remand questions whether this Court has subject matter jurisdiction and, therefore, that motion had to be heard first.").

5. Should the Court deny either the District's Motion to Remand or this Motion to Stay, the District alternatively requests 30 days from the date of any relevant Order to file its opposition to Elevate's Motion to Dismiss.

WHEREFORE the District requests all proceedings be stayed until the Court rules on the District's Motion to Remand.

Dated: July 29, 2020

        Respectfully submitted,

        KARL A. RACINE
        Attorney General for the District of Columbia

        KATHLEEN KONOPKA
        Deputy Attorney General
        Public Advocacy Division

        ____s/_____
        BENJAMIN WISEMAN (#1005442)
        Director, Office of Consumer Protection

        _____s/_____
        WENDY J. WEINBERG (# 445460)
        Senior Assistant Attorney General
        Office of Consumer Protection
        Office of the Attorney General
        441 Fourth Street, N.W., Suite 600 South
        Washington, D.C. 20001
        (202) 724-1342
        Wendy.Weinberg@dc.gov

        DAVID BRUNFELD (#1672059)
        Assistant Attorney General

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DISTRICT OF COLUMBIA**<br><br>**PLAINTIFF**,<br><br>v.<br><br>**ELEVATE CREDIT, INC.**<br><br>**DEFENDANT**. | Case No.: 1:20-cv-01809-EGS<br>Judge: Emmet G. Sullivan |

**[PROPOSED] ORDER STAYING ALL PROCEEDINGS PENDING DECISION ON PLAINTIFF DISTRICT OF COLUMBIA'S MOTION TO REMAND FOR LACK OF <u>SUBJECT MATTER JURISDICTION</u>**

Upon consideration of Plaintiff District of Columbia's Motion to Stay All Proceedings Pending Decision on District of Columbia's Motion to Remand to the Superior Court of the District of Columbia for Lack of Subject Matter Jurisdiction, any opposition hereto, for good cause shown, and the entire record herein, it is this _____ day of _____, 2020, hereby

ORDERED that Plaintiff's motion is GRANTED; and it is further

ORDERED that all proceedings in this matter are stayed pending the Court's decision on the District of Columbia's Motion to Remand to the Superior Court of the District of Columbia for Lack of Subject Matter Jurisdiction.

SO ORDERED.

DATED: _____, 2020      _____
                                 Judge Emmet G. Sullivan